IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-01897-WYD-CBS

OTO SOFTWARE, INC.,
a Texas corporation,

    Plaintiff,

v.

HIGHWALL TECHNOLOGIES, LLC,
a Florida limited liability company,
RICH SWIER; and
MOBILESECURE, INC.,
a Massachusetts corporation,

    Defendants.

## STIPULATED PROTECTIVE ORDER

The Plaintiff and Defendants in this case, through their undersigned counsel of record, hereby agree and stipulate to the following protective order.

1.    The issue of an exchange of the software at issue together with its source code arose between the parties before the Scheduling Conference in this Court on December 3, 2008. The underlying claim of copyright infringement in this case regards a dispute as to the alleged copying of OTO's software for sale to and use by MobileSecure. The parties have been attempting to exchange information regarding the products and their source code at issue with full protection of proprietary information.

2.    At the Scheduling Conference the parties addressed this issue with the court, which ordered that a limited purpose protective order be entered in order to allow the parties to jointly agree on a neutral, independent computer software expert. This

expert will compare the software products including their respective source codes to render an opinion if OTO's software was copied or if Highwall and MobileSecure independently developed a similar functioning product.

3. The expert is a consulting expert and cannot be called by either party to testify in this matter or any other matter. If the expert is served with compulsory process in another matter regarding this engagement, the expert will promptly notify the parties and the court.

4. The expert shall be paid equally by both parties. The expert shall only communicate jointly with both parties, and will not communicate with either party outside the presence of the other. Emails sent jointly and telephone conferences are appropriate.

5. The expert shall compare the source code, architecture, structure, and design of the three products given to him or her by the parties.

6. The expert shall prepare a written report to both sides comparing the software for copying, functionality, similarities and differences, and rendering his or her opinion as whether or not the Highwall/MobileSecure software is a copied derivative of the OTO software or an independently created software product.

7. The expert shall complete a report by January 21, 2009 and deliver it to both attorneys. When completed, the expert shall return the source code and all other proprietary material to the respective parties who delivered it to him or her in the first place.

8. This Protective Order anticipates a further Protective Order after the report of the expert is received. The court has already set a hearing for February 4, 2009.

Therefore, this Order expires February 4, 2009.

9. Further, the parties may agree among themselves to allow review of the code by each other. Such review will be done only for the purposes of this litigation, and the code will not be shared with anyone not a party to this litigation and bound by this order.

DATED at Denver, Colorado, this 30th day of December, 2008.

BY THE COURT:

*s/Craig B. Shaffer*
Craig B. Shaffer
United States Magistrate Judge