IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-01897-PAB-CBS

OTO SOFTWARE, INC., a Texas Corporation,

    Plaintiff,

v.

HIGHWALL TECHNOLOGIES, LLC,
a Florida limited liability company;
RICH SWIER; and
MOBILESECURE, INC.,
a Massachusetts corporation;

    Defendants.

---

## STIPULATED PROTECTIVE ORDER

---

The Court, upon the Stipulated Motion of Plaintiff and Defendants, hereby enters the following protective order:

    1.    <u>Use of Information Obtained During Litigation</u>.  All information and documents produced, obtained and/or exchanged in the course of this lawsuit shall be used by the party to whom such documents are produced, obtained and/or exchanged solely for the purpose of this lawsuit and for no other purpose whatsoever, unless the parties otherwise agree in a writing signed by both parties.

    2.    <u>Prohibited Disclosure</u>.  Any information or documents obtained during discovery, whether by deposition testimony, deposition exhibits, interrogatories, document requests, or otherwise, shall not be disclosed to anyone in competition with OTO Software, Inc, Highwall Technologies, LLC, or Mobilesecure, Inc., or in any way engaged in the same or similar business as that engaged in by the parties.

3.      Software Protection.  All copies of the parties' software, including all copies containing readable source code and object code, which are examined, transferred, or put in the possession of the parties, their attorneys, and any consulting expert witnesses are subject to this protective order.  All consulting or testifying expert witnesses shall first sign a writing confirming that they have read this protective order and agree to be bound by its terms.

4.      Confidential Financial Information.   All disclosed financial information, including but not limited to that showing sales, purchase orders, costs and expenses, balance sheets, tax returns, profit and loss statements, and records of the sale of Highwall assets to MobileSecure, obtained during discovery, whether by deposition testimony, deposition exhibits, interrogatories, document requests, or otherwise, shall be treated as confidential and made available only to the parties, their attorneys, and any retained damages experts.  All consulting or testifying expert witnesses shall first sign a writing confirming that they have read this protective order and agree to be bound by its terms.

5.      Conclusion of Litigation.  The provisions of this Order shall survive any settlement, judgment, or other disposition or conclusion of this action, and all appeals therefrom, and this Court shall retain continuing jurisdiction to enforce the terms of this Order.  At the conclusion of this litigation, including any appeals which may be filed, upon written request made by the producing party, the following steps shall be taken.  Within a reasonable time, counsel for each party that has received Software and Confidential Financial Information shall either assemble and return to the disclosing party such copies of the software and financial information or shall certify to the disclosing party that such copies of the software and the financial information has been destroyed.

5.      Modification of Order.  Either party may at any time and for any good faith

reason seek modification of this Protective Order. This Protective Order can be modified only by written agreement of the parties or by Order of this Court. Each party reserves the right to object to any party's motion or request to modify this Protective Order.

DATED at Denver, Colorado, this 9th day of February, 2009.

BY THE COURT:

*s/Craig B. Shaffer*
Craig B. Shaffer
United States Magistrate Judge