IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 08-cv-01897-PAB-CBS

OTO SOFTWARE, INC., a Texas corporation,

    Plaintiff,

v.

HIGHWALL TECHNOLOGIES, LLC, a Florida limited liability company,
RICH SWIER, and
MOBILESECURE, INC., a Massachusetts corporation,

    Defendants.

---

# ORDER

---

This matter is before the Court on the Recommendation of United States Magistrate Judge (the "Recommendation") [Docket No. 101] filed on August 6, 2010. Magistrate Judge Craig B. Shaffer recommends that plaintiff's Motion for Sanctions for Admitted Destruction of Evidence [Docket No. 54] be granted in part and denied in part and that defendant MobileSecure, Inc.'s motion for summary judgment [Docket No. 56] be granted in part and denied in part. Plaintiff and defendant MobileSecure have filed objections [Docket Nos. 103, 105].[1]

## I.  PLAINTIFF'S MOTION FOR SANCTIONS

Plaintiff requested that the Court order sanctions against all the defendants for destruction and spoliation of evidence. In regard to MobileSecure, the

---

[1]The Clerk of the Court entered default against defendants Highwall Technologies, LLC and Rich Swier on September 20, 2010 [Docket No. 113].

Recommendation concluded that Mobile Secure had no obligation to preserve the evidence at issue at the time of its destruction. Instead, Mobile Secure's obligation, under the specific facts of this case, did not arise until the filing of this lawsuit on September 4, 2008. As for defendants Highwall and Swier, the magistrate judge concluded that they were grossly negligent in allowing the evidence to be destroyed. The Recommendation, however, concluded that, before sanctions would be considered against defendants, plaintiff should first seek the relevant documents from an identified potential source.

A magistrate judge is empowered to determine a nondispositive matter, such as the motion for sanctions, and the Court's review of that ruling is limited to determining whether the magistrate judge's order was "clearly erroneous or is contrary to law." Fed.R.Civ.P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A). Plaintiff has articulated its disagreement with the outcome reached by the Recommendation, but has not identified, nor even argued, that the outcome is "clearly erroneous or contrary to law." The Court overrules plaintiff's objection and will affirm the magistrate judge's order on plaintiff's motion.

## II. MOBILESECURE'S MOTION FOR SUMMARY JUDGMENT

Plaintiff does not object to the magistrate judge's recommendation that MobileSecure is entitled to summary judgment on plaintiff's unfair competition and unjust enrichment[2] claims as well as on plaintiff's request for statutory damages and attorney's fees relating to its copyright infringement claim. In the absence of an

---

[2]In its response to the motion for summary judgment, plaintiff abandoned its unjust enrichment claim. *See* Docket No. 73 at 12.

objection, the district court may review a magistrate judge's recommendation under any standard it deems appropriate. *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings"). In this matter, the Court has reviewed the Recommendation to satisfy itself that there is "no clear error on the face of the record."[3] *See* Fed. R. Civ. P. 72(b), Advisory Committee Notes. Based on this review, the Court decides that the Recommendation's conclusion that MobileSecure is entitled to summary judgment on plaintiff's unfair competition and unjust enrichment claims for relief as well as on plaintiff's request for statutory damages and attorney's fees relating to its copyright infringement claim is a correct application of the facts and the law.

MobileSecure, however, objects to the Recommendation's conclusion that a genuine issue of material fact exists regarding plaintiff's copyright claim. The Court would normally review that aspect of the Recommendation *de novo*. *See* Fed. R. Civ. P. 72(b)(3). However, the Court will decline to reach the substance of plaintiff's copyright claim because there are serious questions regarding whether the Court could provide any relief even if plaintiff were to succeed on its claim.

When a plaintiff succeeds on a copyright claim, it has the option of choosing

---

[3]This standard of review is something less than a "clearly erroneous or contrary to law" standard of review, Fed. R. Civ. P. 72(a), which in turn is less than a de novo review. Fed. R. Civ. P. 72(b).

between actual damages or statutory damages. *See* 17 U.S.C. § 504(a).[4] The Court has already granted MobileSecure summary judgment as to plaintiff's request for statutory damages, and plaintiff conceded in its response to MobileSecure's motion that it "cannot prove actual damages or that MobileSecure generated any revenue from sales." Docket No. 73 at 3.

The only remaining relief requested by plaintiff is an injunction pursuant to 17 U.S.C. §§ 502 and 503. However, "[w]hen there is no probability or threat of continuing infringements, injunctive relief is ordinarily inappropriate." *Harolds Stores, Inc. v. Dillard Dept. Stores, Inc.*, 82 F.3d 1533, 1555 (10th Cir. 1996). MobileSecure has never sold a copy of the allegedly infringing product, and plaintiff identifies no reason to think that it ever will. *Cf. Eagle Services Corp. v. H20 Industrial Services, Inc.*, 532 F.3d 620, 623 (7th Cir. 2008) (concluding that a "suit was frivolous even if there was a copyright violation" because the plaintiff was "just suing for money and he ha[d] no ground at all for obtaining a money judgment"). Therefore, there is no evidence before the Court that would permit a finding that future infringement is likely or that would justify the exercise of the Court's discretion to impound the allegedly infringing hardware. *See* 17 U.S.C. § 503.

Moreover, MobileSecure represents to the Court in a signed pleading that it

---

[4]Plaintiff does not contend that it would be entitled to nominal damages. *See Eagle Services Corp. v. H20 Industrial Services, Inc.*, 532 F.3d 620, 623 (7th Cir. 2008) (noting that there is no right to nominal damages in a copyright case); *Sparaco v. Lawler, Matusky, Skelly Engineers LLP*, 313 F. Supp. 2d 247, 253 (S.D.N.Y. 2004) (commenting that a plaintiff "seeks statutory damages for the copyright violation in the same way that a plaintiff who cannot prove damages for a tort or breach of contract claims nominal damages").

"would not object to an injunction" preventing it from infringing plaintiff's copyright. Docket No. 76 at 6. Given this fact, the Court is not satisfied that any material dispute remains regarding the sole available form of relief in this case. "'Mootness is a threshold issue because the existence of a live case or controversy is a constitutional prerequisite to federal court jurisdiction.'" *Disability Law Ctr. v. Millcreek Health Ctr.*, 428 F.3d 992, 996 (10th Cir. 2005) (quoting *McClendon v. City of Albuquerque*, 100 F.3d 863, 867 (10th Cir. 1996)). To the extent the parties have no dispute regarding future conduct, the alleged injury would not be "redressed by a favorable decision." *Gilbert v. Shalala*, 45 F.3d 1391, 1393-94 (10th Cir. 1995). In other words, there is no indication that "'granting a present determination of the issues offered will have some effect in the real world.'" *Wyoming v. U.S. Dep't of Agric.*, 414 F.3d 1207, 1212 (10th Cir. 2005) (quoting *Citizens for Responsible Gov't State Political Action Comm. v. Davidson*, 236 F.3d 1174, 1182 (10th Cir. 2000)).

For these reasons, the Court will deny MobileSecure's motion for summary judgment on plaintiff's copyright claim as moot and will order the parties to show cause why this case should not be dismissed for lack of subject matter jurisdiction. If the parties show cause why the Court has subject matter jurisdiction over the remaining portions of this case, MobileSecure may seek to re-file its motion for summary judgment as to plaintiff's copyright claim.

## III. CONCLUSION

For the foregoing reasons, it is

**ORDERED** that, to the extent discussed above, the Recommendation of United

States Magistrate Judge [Docket No. 101] is ACCEPTED.  It is further

**ORDERED** that plaintiff's Motion for Sanctions for Admitted Destruction of Evidence [Docket No. 54] is GRANTED in part and DENIED in part.  It is further

**ORDERED** that MobileSecure, Inc.'s motion for summary judgment [Docket No. 56] is GRANTED in part and DENIED in part.  The parties shall show cause within thirty days of the entry of this Order why the sole remaining claim in this case should not be dismissed for lack of subject matter jurisdiction.  In the absence of such a showing, the copyright claim in this case will be dismissed without further notice to the parties.

DATED September 27, 2010.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge