IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 08-cv-01897-PAB-CBS

OTO SOFTWARE, INC., a Texas corporation,

    Plaintiff,

v.

HIGHWALL TECHNOLOGIES, LLC, a Florida limited liability company,
RICH SWIER, and
MOBILESECURE, INC., a Massachusetts corporation,

    Defendants.

---

## ORDER

---

    This matter is before the Court on the parties' responses [Docket No. 119 ("Pl.'s Resp."), Docket No. 120 ("Def.'s Resp.")] to the Court's order to show cause [Docket No. 117]. On September 27, 2010, the Court granted summary judgment as to all of the plaintiff's claims save for its copyright claim. Docket No. 117 at 6. However, the Court also found that the copyright claim was moot and ordered the parties to show cause within thirty days why the case should not be dismissed for lack of subject matter jurisdiction. *Id.*

    In finding that the plaintiff's copyright claim was moot, the Court reasoned that the only remaining relief requested by plaintiff as to this claim was an injunction, but that under Tenth Circuit law the Court was unable to grant an injunction absent the plaintiff showing a probability of future infringement by the defendant. Docket No. 117 at 4. The Court found that there was no evidence before the Court suggesting that

future infringement was likely.  *Id.*  The plaintiff now responds by arguing that the Tenth Circuit precedent on this issue, *Harolds Stores, Inc. v. Dillard Dept. Stores, Inc.*, 82 F.3d 1533, 1555 (10th Cir. 1996), is no longer good law due to the subsequent Supreme Court case *Ebay v. MercExchange, L.L.C.*, 547 U.S. 388 (2006).  The plaintiff argues that because *Ebay* applied the traditional equitable criteria for the issuance of an injunction to patent and copyright cases, *Harolds Stores*' rule that a copyright plaintiff need show a substantial likelihood of future infringement to obtain a permanent injunction is no longer valid.  *See* Pl.'s Resp. at 3-4.

The Tenth Circuit has not yet addressed the effect of *Ebay* on the rule from *Harolds Stores*.  One district court in the Tenth Circuit has held that *Ebay* overruled *Harolds Stores* and that subsequently only the four traditional injunction factors apply in the copyright context.  *See Wilson v. Brennan*, 666 F. Supp. 2d 1242, 1264-65 (D.N.M. 2009).  Another district court addressing this question declined to reach the issue, instead holding that the plaintiff could satisfy neither the *Harold Stores* requirement nor the traditional test.  *See Qassas v. Daylight Donut Flour Co., LLC*, 09-CV-0663-CVE-PJC, 2010 WL 2365472 at *7 (N.D. Okla. June 10, 2010).

This Court, like the *Qassas* court, does not need to decide the effect of *Ebay* on *Harolds Stores*.  As a general rule, to have standing to seek prospective relief, including an injunction, a plaintiff "'must show more than past harm or speculative future harm.'" *Lippoldt v. Cole*, 468 F.3d 1204, 1217 (10th Cir. 2006) (quoting *Riggs v. City of Albuquerque*, 916 F.2d 582, 586 (10th Cir. 1990)).  Even if *Harolds Stores* has been overruled, the general standing requirement discussed in *Lippoldt* still applies to

plaintiff's claim for injunctive relief.  As the Court noted in its earlier order, plaintiff has identified no reason to think that MobileSecure will ever sell a copy of the allegedly infringing product.  Docket No. 117 at 4.  Nor has plaintiff demonstrated any likelihood that MobileSecure will create derivative works from the allegedly infringing product. *See* Pl.'s Resp. at 4-5.  Therefore, the Court finds that plaintiff cannot show anything more than purely speculative future harm and, as a result, does not have standing to seek injunctive relief.

Wherefore, it is

**ORDERED** that plaintiff's complaint [Docket No. 1] is DISMISSED due to this Court's lack of subject matter jurisdiction.

DATED November 17, 2010.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge