IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 08-cv-01897-PAB-CBS

OTO SOFTWARE, INC., a Texas corporation,

    Plaintiff,

v.

HIGHWALL TECHNOLOGIES, LLC, a Florida limited liability company,
RICH SWIER, and
MOBILESECURE, INC., a Massachusetts corporation,

    Defendants.

---

**ORDER**

---

    This matter is before the Court on defendant MobileSecure's motion to certify the Court's Amended Order [Docket No. 124] as final pursuant to Federal Rule of Civil Procedure 54(b) [Docket No. 125].  Plaintiff filed this case against defendants MobileSecure, Highwall Technologies, LLC and Rich Swier asserting copyright infringement along with a series of state law claims.  On September 27, 2010, the Court accepted the magistrate judge's recommendation to grant MobileSecure summary judgment on all of the claims against it, save plaintiff's copyright claim [Docket No. 117].  However, in this order, the Court also found that plaintiff's copyright claim against MobileSecure was moot and ordered the parties to show cause why this remaining claim should not be dismissed.  On November 17, 2010, the Court found the parties had not shown cause why the copyright claim against MobileSecure should not be dismissed and issued an order dismissing the case [Docket No. 17].  On November 19,

2010, the Court amended this order, [Docket No. 124], to reflect the fact that plaintiffs claims against defendants Highwall Technologies, LLC and Rich Swier were not dismissed, as judgment of default had not yet entered against them. On November 19, 2010, MobileSecure filed the present motion for judgment under Rule 54(b) [Docket No. 125].

Under Fed. R. Civ. P. 54(b), the district court may direct the entry of a final judgment as to one or more but fewer than all of the claims in a multiclaim case when "there is no just reason for delay." Fed. R. Civ. P. 54(b). However, to be a final judgment for purposes of Rule 54(b), the claims resolved must be "distinct and separable from the claims left unresolved." *Okla. Turnpike Auth. v. Bruner*, 259 F.3d 1236, 1243 (10th Cir. 2001). Claims are not separable if "the claim that is contended to be separate so overlaps the claim or claims that have been retained for trial that if the latter were to give rise to a separate appeal at the end of the case the [appeals] court would have to go over the same ground that it had covered in the first appeal." *Jordan v. Pugh*, 425 F.3d 820, 827 (10th Cir. 2005) (quoting *Lawyers Title Ins. Corp. v. Dearborn Title Corp.*, 118 F.3d 1157, 1162 (7th Cir. 1997)). Ultimately, the granting of a Rule 54(b) motion is left to the sound discretion of the trial court, which "must take into account judicial administrative interests as well as the equities involved." *Curtiss-Wright Corp. v. Gen. Elec. Corp.*, 446 U.S. 1, 8 (1980).

Here, although the Court has resolved all of the claims against MobileSecure, many of these same claims remain against Highwall Technologies, LLC and Rich Swier. Thus, the claims resolved are not distinct and separable from the claims unresolved. *See Oklahoma Turnpike Authority v. Bruner*, 259 F.3d at 1243. If the plaintiff appealed

the Court's order against MobileSecure at this point and the Tenth Circuit reversed and remanded, considerable overlap could occur.  In light of this potential overlap, the Court examines defendant MobileSecure's interests in a partial judgment to determine whether they should prevail over administrative interests.  However, the motion merely argues "MobileSecure should not have to await resolution of issues with the other defendants in the case to find out if OTO is going to appeal MobileSecure's dismissal." Def. MobileSecure, Inc.'s Mot. To Certify as Final J. [Docket No. 125] at 2.  No additional grounds are identified.

In light of the circumstances, defendant MobileSecure's grounds for seeking partial judgment under Rule 54(b) are insufficient and the motion is premature. Therefore, it is

**ORDERED** that defendant MobileSecure, Inc.'s Motion to Certify as Final Pursuant to Fed. R. Civ. P. 54(b) the Court's Amended Order of November 19, 2010, [Docket No. 124] Dismissing MobileSecure as Defendant [Docket No. 125] is **DENIED** without prejudice.

DATED November 30, 2010.

                                         BY THE COURT:

                                         s/ Philip A. Brimmer
                                         PHILIP A. BRIMMER
                                         United States District Judge