IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-01897-PAB-CBS

OTO SOFTWARE, INC., a Texas corporation,
    Plaintiff,
v.

HIGHWALL TECHNOLOGIES, LLC, a Florida limited liability company,
RICH SWIER, and
MOBILESECURE, INC., a Massachusetts corporation,
    Defendants.

---

ORDER

---

Magistrate Judge Craig B. Shaffer

    This civil action comes before the court on "Plaintiff's Motion for Clarification" (filed December 16, 2010) (doc. # 131).  Pursuant to the Order of Reference dated September 10, 2008 (doc. # 4) and the memorandum dated December 16, 2010 (doc. # 132), this matter was referred to the Magistrate Judge.  The court has reviewed the pending matter, the entire case file, and the applicable law and is sufficiently advised in the premises.

    Plaintiff seeks clarification of "the purpose for the hearing" set on March 17, 2011 on Plaintiff's Motion for Judgment against Highwall Technologies, LLC and Rich Swier. Judgment by default may be entered:

> . . .
>
>     (2) By the Court.  In all other cases the party must apply to the court for a default judgment.  A default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared. If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing.  The court may conduct hearings or make referrals – preserving any federal statutory right to a jury trial – when, to enter or effectuate judgment, it needs to:
>
>         (A) conduct an accounting;
>         (B) determine the amount of damages;
>         (C) establish the truth of any allegation by evidence; or
>         (D) investigate any other matter.

1

Fed. R. Civ. P. 55(b)(2).

"Plaintiff seeks judgment against Highwall and Swier on its first claim for relief for copyright infringement in the amount of $872,500.00 plus costs and attorney fees of $78,182.00." (*See* doc. # 127 at p. 2 of 6). Plaintiff seeks actual damages against both Highwall Technologies and Rich Swier.

Plaintiff seeks judgment against Highwall on the Second Claim for Relief for breach of contract arising out of failure to pay Plaintiff royalty payments of 75% of revenues generated through sales of copies to the FDIC. Plaintiff alleges that Highwall further breached the contract by failing to maintain sufficient records to enable Plaintiff to verify the accuracy of the royalty payments and reports, and further breached the License Agreement when it sold the pirated copy of Plaintiff's software to MobileSecure. Plaintiff seeks $93,300.00 plus costs and attorney fees of $78,182.00 on this claim.

Plaintiff claims damages against Highwall on the Third Claim for Relief for breach of the implied covenant of good faith and fair dealing, based on both the failure to pay all the royalties for the sale to the FDIC and the sale of OTO software under a false claim that Highwall had ownership rights to the software developed by Excellone, which software both infringed Plaintiff's copyright and breached Highwall's license agreement. Plaintiff seeks $93,300.00 plus costs and attorney fees in an unspecified amount on this claim.

Plaintiff seeks judgment on the Fourth Claim for Relief for fraud against Highwall and Swier arising out of the intentional misrepresentation by Swier to Basham of the number of copies of Plaintiff's software sold to the FDIC and the value for which those copies were sold. Plaintiff further seeks damages for fraud against Highwall and Swier for its failure to disclose its delivery of Plaintiff's software to the offshore India company in order that such company may make an illegal version of the software, which was, in turn, sold to MobileSecure. Finally, Plaintiff alleges that Swier and Highwall failed to disclose, when they had a duty to do so, that they were selling the pirated version of the software to

MobileSecure. Plaintiff seeks on this claim $1,125,800.00 on this claim.

Thus, Plaintiff requests that the court enter a default judgment for damages against Highwall and Swier on its First, Second, Third and Fourth Claims for Relief in the total amount of $1,333,793.00 plus interest.[1] Plaintiff seeks $93,300.00 plus costs and attorney fees of $78,182.00 pursuant to 17 U.S.C. §505 and §12.4 of the License Agreement.

"[I]n civil cases, where a party fails to respond, after notice the court is ordinarily justified in entering a judgment against the defaulting party." *Cablevision of Southern Connecticut, Limited Partnership v. Smith*, 141 F. Supp. 2d 277, 281 (D. Conn. 2001). "[A] party is not entitled to a default judgment as of right; rather the entry of a default judgment is entrusted to the 'sound judicial discretion' of the court." *Id.* at 282 (internal quotation marks and citation omitted). Even after default, "'it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law.'" *Black v. Lane*, 22 F.3d 1395, 1407 (7th Cir. 1994) (quoting 10 Charles A. Wright et al., *Federal Practice & Procedure* § 2688, at 447-48 (2d ed. 1983). *See also Weft, Inc. v. G.C. Investment Assocs.*, 630 F. Supp. 1138, 1143 (D.C.N.C. 1986) ("upon a default, a plaintiff is entitled to a determination of liability unless he has failed to state a legal basis for relief or it is clear from the face of the complaint that the allegations are not susceptible of proof.").

"Once the court determines that a judgment by default should be entered, it will determine the amount and character of the recovery that should be awarded." 10 Federal Prac. & Proc. Civil 3d § 2688 at 63 (1998). "It is a proper exercise of judicial power for a court upon default, by taking evidence when necessary or by computation from facts of record, to fix the amount which the prevailing party is lawfully entitled to recover and then

---

[1] Plaintiff is not seeking damages for its Fifth Claim for Relief for unfair competition and false designation of origin nor its Sixth Claim for Relief for unjust enrichment because these claims are duplicate claims for the same damages sought under the First, Second, Third, and Fourth Claims for Relief.

give judgment accordingly." *Kleier Advertising, Inc. v. John Deery Motors, Inc.*, 834 F. Supp. 311, 314 (D. Iowa 1993).  "While a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages." *Id.* at 282.  *See also Patray v. Northwest Publishing, Inc.*, 931 F. Supp. 865, 869 (S.D. Ga. 1996) (citation omitted) ("allegations of the complaint are to be accepted as true, except those relating to the amount of damages"); *Schwartz-Liebman Textiles v. Last Exit Corp.*, 815 F. Supp. 106, 107 (S.D.N.Y. 1992)  ("allegations are to be accepted as true, except those relating to the amount of damages") (citations omitted).  "Damages, which are neither susceptible of mathematical computation nor liquidated as of the default, usually must be established by the plaintiff in an evidentiary proceeding . . . ."  *Cablevision of Southern Conn.*, 141 F. Supp. 2d at 282 (internal quotation marks and citation omitted). In order to fulfill the court's obligation to ensure that damages are appropriately awarded, the court must do more than merely accept at face value the movant's statement of damages.  *See Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2d Cir. 1997) (citations omitted).  A plaintiff "cannot satisfy the certainty requirement simply by requesting a specific amount.  Plaintiff must also establish that the amount requested is reasonable under the circumstances."  10 Federal Prac. & Proc. Civil 3d § 2683 at 24 (1998).

        The court has previously noted that "Plaintiff has not come forward with any direct evidence of copying.  It also appears to be undisputed that OTO never gave Highwall, Swier, Excellone or MobileSecure the source code for the OTO Software." (*See* Order and Recommendation on Pending Motions (doc. # 101) at p. 33 of 46).  The court has also previously found that "the current record creates a genuine issue of material fact regarding the question of copying" and Plaintiff's ability to prove actual damages, that "the combination of undisputed facts and Plaintiff's own allegations preclude any award of attorneys fees or statutory costs," and that Plaintiff's "claim for statutory damages and

attorneys fees with regard to allegedly infringing conduct that purportedly commenced in or about September 2006 is barred as a matter of law under 42 U.S.C. § 412.  (*See id.* at pp. 34, 40-41 of 46).

The court will conduct the hearing to, among other things, determine the amount of damages, establish the truth of any allegation by evidence, and investigate any other matters.  Accordingly, IT IS ORDERED that Plaintiff's Motion for Clarification (filed December 16, 2010) (doc. # 131) is granted to the extent explained in this Order.

DATED at Denver, Colorado, this 17th day of December, 2010.

BY THE COURT:

    s/Craig B. Shaffer        
United States Magistrate Judge